## THE HELEN W. MARTIN.

### (District Court, D. Rhode Island. July 25, 1910.)

### No. 1,226.

1. SEAMEN (§ 29*)—INJURIES—NEGLIGENCE—EVIDENCE.

In a libel for injuries to a seaman through being carried aloft while endeavoring to hold the forepeak halyard with a stopper, which libelant alleged broke because it was defective, evidence *held* insufficient to show either that the stopper broke or that it was insecure.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 29.*]

2. WITNESSES (§ 317*)—DISCREDITED TESTIMONY—"FALSUS IN UNO, FALSUS IN OMNIBUS."

Where the evidence of witnesses was in irreconcilable conflict, and the difference was unexplainable on the theory of mistake, libelant's testimony in important particulars being completely discredited, the maxim "falsus in uno, falsus in omnibus" would be applied.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1080–1083; Dec. Dig. § 317.*]

In Admiralty. Libel by Charles A. Buncamper against the Helen W. Martin. Dismissed.

A. B. Crafts, for libelant.

Gardner, Pirce & Thornley, for claimant.

BROWN, District Judge. The libelant, Buncamper, suffered personal injuries on September 1, 1905, while on a voyage from Lambert's Point, Va., to Providence, R. I., through being carried aloft while endeavoring to hold the forepeak halyard with a stopper.

The libelant alleges that the stopper broke, and the vessel is charged with fault in not providing a sound and secure stopper for the forepeak halyard.

The principal question in this case is one of fact. Has the libelant established his allegation that his injuries were due to the parting of one of the standing stoppers? The master, mate, and engineer of the Helen W. Martin testify specifically that the stopper did not part, but was subsequently used for a considerable time. Buncamper himself, and members of the crew, Brito, Lima, Santos, Lopes, Pereira, and Gonsalves, testify that the stopper parted, and Gomez testifies that on the next trip there was a new stopper at this place.

The testimony is in direct conflict and is irreconcilable. The difference is unexplainable on the theory of mistake. On one side or the other there is deliberate perjury.

Buncamper's testimony in important particulars, is completely discredited by the master and mate of the Stephen H. Hart, upon which he subsequently made a voyage. These were entirely disinterested and well-appearing witnesses.

The maxim "falsus in uno, falsus in omnibus" must be applied to Buncamper. The Santissima Trinidad, 7 Wheat. 283, 338, 339, 5 L. Ed. 454.

The staleness of Buncamper's claim, first made more than four years after the accident, and after he had acquired experience in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the courts by acting as an interpreter, his appearance as a witness on the stand, together with the artificial aspect of the entire case made by his testimony and that of his witnesses, the various inconsistencies with established fact and the blunder of one of his witnesses in attempting to corroborate Buncamper by palpably false testimony, render it much more probable that his case is of that fictitious class now becoming too common in our courts, whereupon the mere fact that an injury was received is built up false testimony as to its cause and as to its extent, than that the former master, mate, and engineer of the Helen W. Martin were guilty of deliberate perjury. The mate and engineer had long since ceased to have any connection with the Martin, and were entirely disinterested witnesses. On the other hand, all the other witnesses supporting Buncamper were friends of long standing.

Applying the rule that witnesses are to be weighed, and not counted, the preponderance of the case on the question of fact whether the accident was due to the parting of the standing stopper is decidedly for the claimant.

Libel dismissed, with costs to the claimant.